**SO ORDERED.**

**SIGNED this 10th day of October, 2012.**


_____
UNITED STATES BANKRUPTCY JUDGE



___

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brandon Eugene Hollingsworth, | ) | Case No. 12-50463 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| Lori Strickland Rains, | ) | Case No. 12-50492 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| Timmy Dale Lineberry and | ) | |
| Sandra Lynn Lineberry, | ) | Case No. 12-50687 |
| | ) | |
| Debtors. | ) | Chapter 13 |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| Willa McClinton Clement, | ) | Case No. 12-50708 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| _____ | ) | |
| In re: | ) | |
| | ) | |
| Curtis Junior Yarborough and | ) | |
| Evon Simmons Yarborough, | ) | Case No. 12-50745 |
| | ) | |

|                                          |   |                    |
|------------------------------------------|---|--------------------|
| Debtors.                                 | ) | Chapter 13         |
|                                          | ) |                    |
| In re:                                   | ) |                    |
|                                          | ) |                    |
| Rachael C. Carroll,                      | ) | Case No. 12-50768  |
|                                          | ) |                    |
| Debtor.                                  | ) | Chapter 13         |
|                                          | ) |                    |
| In re:                                   | ) |                    |
|                                          | ) |                    |
| Timothy Wayne Smith and                  | ) |                    |
| Sara Elizabeth Smith,                    | ) | Case No. 12-50841  |
|                                          | ) |                    |
| Debtor.                                  | ) | Chapter 13         |
|                                          | ) |                    |
| In re:                                   | ) |                    |
|                                          | ) |                    |
| William Lee Mabe and                     | ) |                    |
| Christine Watson Mabe,                   | ) | Case No. 12-50842  |
|                                          | ) |                    |
| Debtors.                                 | ) | Chapter 13         |
|                                          | ) |                    |

## OPINION AND ORDER

For the above-captioned cases, the issue before the Court is whether the proposed plan treatment of the "no money down" arrangement between a debtor and the Law Office of John T. Orcutt (the "Orcutt firm") is permissible under the Bankruptcy Code for a typical Chapter 13 case. In each of these cases, the Orcutt firm advanced the costs of filing a bankruptcy petition, which totaled $335.00, and sought reimbursement for those costs from post-petition income through the Chapter 13 plan. The United States Bankruptcy Administrator (the "Bankruptcy Administrator") and Kathryn Bringle, the Chapter 13 Trustee (the "Trustee") objected to confirmation of the proposed plan in each case.

The court held confirmation hearings, at which time the court confirmed each plan but preserved the issues raised by the objections of the Bankruptcy Administrator and Trustee and took such issues under advisement. The relevant facts of each case are similar or identical; therefore, the court enters this consolidated opinion and order for these cases.

The issues raised in these cases were fully addressed by Judge Thomas W. Waldrep, Jr. in a memorandum opinion entered in *In re Mary Antonia Marotta*, Case no. 12-10409 (Oct. 9, 2012).

This court hereby adopts the findings, conclusions, and reasoning contained in the memorandum opinion in the *Marrota* case and holds that the Orcutt firm's "no money down" arrangement of advancing funds constitutes a prepetition loan. Each $335.00 advance created a prepetition, unsecured claim held by the Orcutt firm. There is no basis to treat this prepetition unsecured claim as an 11 U.S.C. § 503 administrative claim; therefore, such treatment is in violation of 11 U.S.C. § 1322. Accordingly, the objections of the Bankruptcy Administrator and the Trustee to the proposed treatment of the Orcutt firm's claims for advanced funds are sustained. As the Chapter 13 plan in each case has been confirmed and the Orcutt firm has agreed to waive its claims to recover the fees that were advanced, no further relief is granted.

END OF DOCUMENT